Mac R. McDonald and Patricia McDonald,
Plaintiffs-Appellants,

v.

Century 21 Real Estate Corporation, and Century 21 Real Estate of the Mid West, Inc., Defendants-Respondents,

Century 21 Blackmon Realty, Richard Blackmon, Jane M. Franzen, Agrico Lease, Inc., and Douglas Larson, Defendants.†

Court of Appeals

*No. 81–2450. Submitted on briefs February 9, 1983.—
Decided February 10, 1983.*
(Also reported in 331 N.W.2d 606.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Daniel A. Rottier* and *Habush, Habush & Davis, S.C.* of Madison.

For the defendants-respondents the cause was submitted on the brief of *W. John Pritchard* of Milwaukee.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.  Mac and Patricia McDonald appeal from the order granting summary judgment to Century 21 Real Estate Corporation (Century 21) and Century 21 Real Estate of the Mid West, Inc. (Mid West). We reverse and remand.

The McDonalds decided to sell their house and adjoining vacant lot. Mac McDonald entered into a listing contract with Century 21-Blackmon Realty, Inc. (Blackmon Realty). He did not know either Blackmon or Franzen, employees of Blackmon Realty, prior to contacting them

to list his properties. He decided to contact Blackmon Realty because of his belief that it represented the national Century 21 group which he saw advertised on television and in newspapers.

McDonald specified in his listing agreement that all buyers must be pre-qualified. Franzen brought Douglas Larson, president of Agrico, Inc., to view the McDonalds' properties. Two separate offers of purchase for the residence and for the vacant lot by Larson and Agrico, Inc., were accepted. At the closing, Larson and Agrico, Inc., refused to close the transaction.

When Larson made the offers to purchase, he had sixty outstanding judgments against him in excess of $143,000. The McDonalds brought suit against Franzen, Blackmon, Blackmon Realty, Mid West and Century 21 for failure to pre-qualify Larson and Agrico, Inc. They seek compensatory and punitive damages.

The McDonalds alleged that Blackmon Realty acted as apparent agent for Century 21 and Mid West. The trial court found that there was no factual dispute and held that McDonald failed to exercise reasonable care in relying, without further inquiry, on his belief that Blackmon Realty was authorized to act as Century 21 and Mid West's agent.

The issue on appeal is whether the trial court erred in granting summary judgment for Century 21 and Mid West.

The standard for granting summary judgment has been reiterated numerous times. In *Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 477 (1980), the supreme court stated:

A summary judgment should not be granted unless the moving party demonstrates a right to a judgment with such clarity as to leave no room for controversy; some courts have said that summary judgment must be denied

unless the moving party demonstrates his entitlement to it beyond a reasonable doubt. Doubts as to the existence of a genuine issue of material fact should be resolved against the party moving for summary judgment.

The papers filed by the moving party are carefully scrutinized. The inferences to be drawn from the underlying facts contained in the moving party's material should be viewed in the light most favorable to the party opposing the motion. If the movant's papers before the court fail to establish clearly that there is no genuine issue as to any material fact, the motion will be denied. If the material presented on the motion is subject to conflicting interpretations or reasonable people might differ as to its significance, it would be improper to grant summary judgment.

In reviewing the trial court's order granting summary judgment, we independently review the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500, 502–03 (1980).

The procedure used to determine whether any genuine issue of material fact exists was recently stated in *Schroeder v. Schoessow,* 103 Wis. 2d 380, 385, 309 N.W. 2d 10, 12–13 (Ct. App. 1981) :

The first step is to examine the pleadings to determine whether a claim has been stated and whether a genuine issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the second step is to examine the moving party's affidavits and other proof to determine whether the party has made a prima facie case for summary judgment. To make a prima facie case, a moving defendant must show a defense which would defeat the plaintiff. If the moving party has made a prima facie case, the third step is to examine the affidavits and other proof of the opposing party to determine whether there exist disputed material facts or undisputed material facts from which reasonable

alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

The suit against Century 21 and Mid West is based on apparent agency. When a third party reasonably believes, based on the principal's actions, that an agent has authority to act in a particular transaction, the principal is bound by the agent's acts within the scope of his or her apparent authority. *Hollingsworth v. American Finance Corp.*, 86 Wis. 2d 172, 181, 271 N.W.2d 872, 877 (1978).

The requirements of apparent agency are: (1) Acts by the agent or principal justifying belief in the agency; (2) knowledge of those acts by the party sought to be charged; and (3) reasonable reliance by a third party. *Rivera v. Eisenberg,* 95 Wis. 2d 384, 393–94, 290 N.W.2d 539, 544 (Ct. App. 1980). McDonald claims that he reasonably believed that Blackmon Realty had authority to act as Century 21 and Mid West's agent in selling his properties and that Century 21 and Mid West are bound by Blackmon Realty's act of presenting Larson and Agrico, Inc. as pre-qualified purchasers of his properties. The trial court found that McDonald presented sufficient undisputed facts to establish the first two elements of apparent agency.

However, the trial court concluded that McDonald failed to exercise reasonable care in his belief that Blackmon Realty was authorized to act as agent for Century 21 and Mid West. The question presented for review is whether McDonald's reliance was reasonable. In determining the reasonableness of McDonald's reliance, the factual setting in which it occurred is of paramount importance. *Everlite Mfg. Co. v. Grand Valley M. & T. Co.*, 44 Wis. 2d 404, 410, 171 N.W.2d 188, 191 (1969).

McDonald stated that the commercials he saw said that Century 21 was the largest real estate company in the

United States, it had a nationwide referral system, it had nationwide resources available due to its size, it utilized "neighborhood professionals" and showed a Century 21 sign and emblem and employees wearing yellow blazers.

The trial court found that Blackmon Realty displayed the Century 21 logo at its office and on signs and forms; each employee wears a gold blazer with a Century 21 logo on it; Blackmon employees received training and sales materials from Mid West; and Blackmon Realty benefits from nationwide advertising which identifies Century 21 franchises and "neighborhood professionals" who are part of the nationwide organization.

Blackmon Realty was advertised as a business containing a "neighborhood professional" belonging to a nationwide "organization that more people have put their trust in." Blackmon Realty employees were pictured in local ads which were drafted by Century 21 or Mid West. Blackmon Realty's employees may have conveyed the impression that it represented the Century 21 and Mid West organizations. Signs and printed materials contain the statement: "Each office is independently owned and operated." The "Century 21 Real Estate Action Warranty" which McDonald signed when listing the properties states in three places that the broker is an independent operator.

McDonald's affidavit states that he assumed the statement "each office is independently owned and operated" meant that each office was responsible for a particular geographic area. In addition, he thought that he would be dealing with a "neighborhood professional" at the local level who was acting on behalf of the nationwide real estate company advertised on television and in newspapers.

The material presented on the motion for summary judgment is subject to conflicting interpretations and

reasonable people may differ as to its significance. When, as here, the ultimate issue—the reasonableness of McDonald's reliance—turns on the totality of the facts and circumstances, the parties must be given a full opportunity to develop the necessary evidentiary record. *Hunter of Wisconsin, Inc. v. Hamilton,* 101 Wis. 2d 460, 471, 304 N.W.2d 752, 757 (1981). The trial court erred by granting summary judgment for Century 21 and Mid West.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.